IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AUDREY ALTSTATT, | § | |
| *Plaintiff,* | § | CASE NO. 1:24-CV-00512-RP |
| | § | |
| v. | § | |
| | § | |
| ABBOTT OSBORN JACOBS, PLC. | § | |
| and CITIZENS BANK, N.A., | § | |
| *Defendants.* | § | |

**DEFENDANT ABBOTT OSBORN JACOBS, PLC'S MOTION TO DISMISS FIRST
AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM
UNDER RULE 12(b)(6)**

TO THE HONORABLE ROBERT PITMAN, U.S.D.J.:

Defendant Abbott Osborn Jacobs, PLC (hereinafter, "AOJ") files this Rule 12(b)(6) Motion to Dismiss, requesting that Plaintiff's First Amended Complaint [Doc. #11] be dismissed for failing to state a claim upon which relief can be granted. In support thereof, AOJ would show:

## I.   INTRODUCTION

Plaintiff Audrey Altstatt's claims in this action arise from a prior lawsuit filed against her by Defendant Citizens Bank, N.A. Citizens claimed ownership of student loans made to Altstatt by Charter One Bank, N.A. Those loans went into default. Citizens retained AOJ to represent it as counsel in a civil lawsuit against Altstatt to recover the unpaid loans.

Following AOJ's first Rule 12(b)(6) Motion to Dismiss [Doc #10], Plaintiff filed a First Amended Complaint [Doc #11]. Plaintiff's First Amended Complaint included two significant revisions pertaining to AOJ. First, Ms. Altstatt added several allegations relating to AOJ's supposed status as a "debt collector" under the Federal Fair Debt Collection Practices Act

("FDCPA").  *See* Doc. #11 at ¶¶ 10-16.  Second, she omitted her prior claim against AOJ under the Texas Debt Collection Act ("TDCA").  *Id.* at ¶ 35.

Plaintiff's effort to replead her claims against AOJ to avoid dismissal was unsuccessful. The doctrine of attorney immunity protects AOJ from liability for actions undertaken in the course of representing its client.  None of Plaintiff's new allegations remove her claims from the scope of the attorney immunity doctrine.  Defendant AOJ remains entitled to dismissal of Plaintiff's claims against it in their entirety.

## II.  FACTUAL BACKGROUND

This action arises from a prior collection lawsuit filed against Plaintiff Audrey Altstatt by Defendant Citizens Bank, N.A.  *See* Doc. #11 at ¶ 9.  Citizens claimed ownership of student loans made to Altstatt by Charter One Bank, N.A.  *Id.* at ¶¶ 9; 17.  Those loans went into default.  *Id.* at ¶ 8.  Citizens retained AOJ to represent it as counsel in a civil lawsuit against Altstatt to collect on the unpaid loans.  *Id.* at ¶¶ 9-10; 18.

In response to Citizen's lawsuit, Altstatt alleges that the debt Citizen sought to collect was time-barred.  *Id.* at ¶ 23-25.  Specifically, Ms. Altstatt alleges that Citizen's sent a letter, dated June 15, 2018, asserting that the debt had been accelerated.  *Id.* at ¶ 22.  However, the collection lawsuit was filed in 2024, more than four years after the debt was accelerated.  *Id.* at ¶¶ 9; 23.

Altstatt asserted the affirmative defense of statute of limitations in her answer to the collection lawsuit.  *Id.* at ¶ 27.  Ms. Altstatt further alleges that "Citizens dismissed their suit against Altstatt without prejudice."  *Id.* at ¶ 28.

## III.  STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal where the plaintiff fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss under Rule 12(b)(6), a

complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 556 662, 678 (2009). A complaint, therefore, must contain "more than labels and conclusions" or mere "formulaic recitations of the elements of a cause of action" to establish a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has 'factual plausibility' when the plaintiff pleads factual content that allows the court to draw the reasonable inferences that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief." *Id.* at 679. "Therefore, bare recitals of the elements of a cause of action, supported by mere conclusory statements, are not sufficient." *Id.* at 678.

As stated by the Fifth Circuit, "[i]n order to avoid dismissal for failure to state a claim … 'a plaintiff must plead specific facts, not mere conclusory allegations.' . . . [A court will] not accept as true conclusory allegations or unwarranted deductions of fact." *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994) (emphasis added). "[A] statement of facts that merely creates a suspicion that the pleader might have a right of action is insufficient." *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006). Courts are not required to conjure up unpled allegations or construe elaborately arcane scripts to save a complaint, and conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss. *Id.* Courts do not strain to find inferences favorable to the plaintiffs. *Southland Securities Corp. v. INSpire Ins. Solutions. Inc.,* 365 F.3d 353, 361 (5th Cir. 2004).

Dismissal under Rule 12(b)(6) is also appropriate when a successful affirmative defense appears on the face of the pleadings. *Kansa Reinsurance Co., Ltd. v. Cong. Mtg. Corp. of Tex.*, 20

F.3d 1362, 1366 (5th Cir. 1994). "In a case involving absolute privilege, a motion to dismiss may be granted if the privilege is apparent on the face of the complaint." *50-Off Stores, Inc. v. Banque Paribas (Suisse) S.A.*, No. SA-95-CA-159, 1997 WL 790793, at *6 (W.D. Tex. Dec. 4, 1997). Courts routinely dismiss causes of action that are barred by attorney immunity under Rule 12(b)(6). *See Ironshore Europe DAC v. Schiff Hardin, L.L.P.*, 912 F.3d 759, 763–64 (5th Cir. 2019) (dismissal based on attorney immunity).

### IV.    ARGUMENT AND AUTHORITIES

**A.    Plaintiff's Claims are Barred by the Attorney Immunity Doctrine**

*1.    The Attorney Immunity Doctrine in Texas*

In Texas, attorneys are immune from suit by third parties who allege injury as the result of the attorney's representation of a client when the attorney is acting in "the uniquely lawyerly capacity of one who possesses the office, professional training, skill and authority of an attorney." *Landry's, Inc. v. Animal Legal Def. Fund*, 631 S.W.3d 40, 47 (Tex. 2021) (internal quotations omitted). The "immunity applies when a non-client's claim is based on an attorney's conduct within the *scope of his representation of his clients,* as opposed to conduct that is outside the scope of his representation of his client *or foreign to the duties of a lawyer." Haynes and Boone, LLP v. NFTD, LLC,* 631 S.W.3d 65, 76 (Tex. 2021) (emphasis added) (affirming the defense of attorney immunity applies to adversarial context in litigation and non-litigation activities). *See also Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 483 (Tex. 2015). The attorney immunity doctrine "stems from the broad declaration that attorneys are authorized to practice their profession, to advise their clients and interpose any defense or supposed defense, without making themselves liable for damages" to non-clients. *Troice v. Proskauer Rose, LLP*, 816 F.3d 341, 346 (5th Cir. 2016).

In determining whether conduct is "the kind" immunity protects, the inquiry focuses on the type of conduct at issue rather than the alleged wrongfulness of that conduct. *Landry's, Inc.,* 631 S.W.3d at 47. Accordingly, "a lawyer is no more susceptible to liability for a given action merely because it is alleged to be fraudulent or otherwise wrongful." *Youngkin v. Hines*, 546 S.W.3d 675, 681 (Tex. 2018); *see also Troice v Greenberg Traurig, L.L.P.*, 921 F.3d 501, 507 (5th Cir. 2019) (granting motion to dismiss claims against attorneys arising out of alleged fraudulent conduct in connection with the Stanford Ponzi scheme). A lawyer is not "susceptible to liability for a given action merely because it is alleged to be fraudulent or otherwise wrongful." *Id.*

### 2. *Attorney Immunity Applies to Statutory Debt Collection Claims*

The only way "attorneys are not protected from liability to non-clients for their actions" is if their actions "do not qualify as the kind of conduct in which an attorney engages when discharging his duties to his client." *Cantey Hanger*, 467 S.W.3d at 482 (internal quotations omitted). The operative consideration is whether the attorney is participating in conduct with his client, as opposed to *on behalf* of his client. *Cantey Hanger*, 467 S.W.3d at 484. Immunity applies if the "alleged wrongful conduct, *regardless of whether it is labeled as fraudulent,* is part of the discharge of his duties to his client." *Id.* (emphasis supplied).

This Court has held that attorney immunity applies to claims under both the FDCPA and the TDCA. *See, e.g.*, *McBryde v. Freedom Mortg.*, No. A-22-CV-01038-RP, 2023 WL 2959869, *7 (W.D. Tex. Apr. 14, 2023) (recommending dismissal of FDCA claim on attorney immunity grounds); *Wade v. Household Fin. Corp. III*, No. 1:18-CV-570-RP, 2019 WL 433741, at *4 (W.D. Tex. Feb. 1, 2019) (recommending dismissing TDCA claim on attorney immunity grounds); *Terry v. Branch Banking & Tr. Co.*, No. A-16-CV-859-LY-ML, 2017 WL 2999968, at *4-*5 (W.D. Tex. Apr. 12, 2017) (recommending dismissal of FDCPA claim on attorney immunity grounds). This

is particularly the case where, as here, the only alleged conduct by AOJ was undertaken in a representative capacity in the course of civil litigation.

### 3.     *AOJ is Immune From Plaintiff's Claims in Their Entirety*

Here, Plaintiff's claims against AOJ arise from alleged conduct in the underlying debt collection action. *See* Doc. #11 at ¶¶ 9-10; 17-18. There is no dispute that this was all undertaken in a representative capacity. *Id.* at ¶ 10. Indeed, there is no allegation that AOJ undertook any conduct prior to filing the collection lawsuit for Citizens. The allegations against AOJ fall squarely within the scope of professional activity in which lawyers engage when representing their clients, and these activities were undertaken by AOJ in the course of acting as the legal counsel for Citizens. In other words, it was the kind of conduct that required the "office, professional training, skill, and authority of an attorney." *Haynes and Boone*, 631 S.W.3d at 76.

## V.     PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Abbott Osborn Jacobs, PLC respectfully prays that pursuant to Fed. R. Civ. P. 12(b)(6) this Court grant its Motion to Dismiss, dismiss all of Plaintiff's claims against with prejudice, or alternatively without prejudice, and grant such other and further relief to which Defendant may be justly entitled.

Respectfully submitted,

THOMPSON COE COUSINS & IRONS, LLP

By:     /s/ *Michael B. Johnson*
Michael B. Johnson
State Bar No. 24029639
2801 Via Fortuna, Suite 300
Austin, TX 78746
Telephone: (512) 708-8200
Facsimile: (512) 708-8777
mjohnson@thompsoncoe.com
**COUNSEL FOR DEFENDANT**
**ABBOTT OSBORN JACOBS, PLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 1, 2024, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system which sends notifications of such filings to all counsel of record.

_/s/ Michael B. Johnson_