UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AUDREY ALTSTATT, | § | No. 1:24-cv-00512-DAE |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | |
| | § | |
| ABBOTT OSBORN JACOBS, PLC. | § | |
| and CITIZENS BANK, N.A. | § | |
| *Defendant.* | § | |

ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

Before the Court is Defendant Abbott Osborn Jacobs, PLC's ("Defendant" or "AOJ") Motion to Dismiss, filed on November 1, 2024. (Dkt. # 13.) On November 20, 2024, Plaintiff Audrey Alstatt ("Plaintiff") filed her response in opposition to the motion. (Dkt. # 16.) On November 27, 2024, Defendant filed its reply in support. (Dkt. # 17.) The Court finds these matters suitable for disposition without a hearing. After careful consideration of the filings and relevant case law, the Court, for the following reasons, **GRANTS WITH LEAVE TO AMEND** Defendant's Motion to Dismiss. (Dkt. # 13.)

BACKGROUND

Plaintiff Audrey Altstatt's claims in this action arise from a prior state court lawsuit filed against her by Defendant Citizens Bank, N.A ("Citizens") on January 12, 2024. (Dkt. # 11 at 2.) The state court lawsuit involved an apparent default of student loans made to Plaintiff by Charter One Bank, N.A. (Id.)

1

Citizens allegedly retained AOJ to represent it as counsel in the prior state court lawsuit against Altstatt to recover those unpaid loans.  (Id.)  However, because of alleged statute of limitations issues, Citizens dismissed their state lawsuit against Altstatt without prejudice on April 19, 2024.  (Id. at 3.)

On May 14, 2024, Plaintiff filed the instant lawsuit in federal court against Defendants AOJ and Citizens.  (Dkt. # 1.)  Plaintiff brings her claims against Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Texas Debt Collection Act ("TDCA"), Texas Finance Code Chapter 392.  (Dkt. # 11 at 1.)  On November 1, 2024, Defendant AOJ filed its Motion to Dismiss the Amended Complaint for failure to state a claim.  (Dkt. # 13.)  The motion is ripe for consideration.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  Review is limited to the contents of the complaint and matters properly subject to judicial notice.  See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).  In analyzing a motion to dismiss for failure to state a claim, "[t]he [C]ourt accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464,

2

467 (5th Cir. 2004)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss. See Twombly, 550 U.S. at 555–56. In providing grounds for relief, however, a plaintiff must do more than recite the formulaic elements of a cause of action. See id. at 556–57. "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678 (internal quotations and citations omitted). Thus, although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." Tuchman v. DSC Commc'ns Corp., 14 F.3d 1061, 1067 (5th Cir. 1994); see also Plotkin v. IP Axess Inc., 407 F.3d 690, 696 (5th Cir. 2005) ("We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.")

3

When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." Twombly, 550 U.S. at 558 (citation omitted).

## DISCUSSION

Defendant AOJ moves to dismiss on the grounds that Plaintiff's claims are barred by the Attorney Immunity Doctrine in Texas. (Dkt. # 13 at 4.) Plaintiff responds that the Court should deny AOJ's motion because Plaintiff has pleaded facts showing AOJ meets the FDCPA's definition of a debt collector. (Dkt. # 16 at 6.)

In the state of Texas, "attorneys are immune from civil liability to non-clients 'for actions taken in connection with representing a client in litigation.'" Cantey Hanger, LLP v. Byrd, 467 S.W.3d 477, 481 (Tex. 2015) (quoting Alpert v. Crain, Caton & James, P.C., 178 S.W.3d 398, 405 (Tex. App.—Houston [1st Dist.] 2005, pet. denied)). So long as an attorney's complained-of conduct was performed in the course and scope of his representation of his client and also required the office, professional training, skill, and authority of an attorney—immunity bars any and all claims against the attorney. Id.

Under the FDCPA, the term "debt collector" means "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects

or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a. In <u>Heintz v. Jenkins</u>, the Supreme Court held that the FDCPA applies to attorneys who regularly engage in debt collection litigation. 514 U.S. 291, 294 (1995). The Court reasoned that "a lawyer who regularly tries to obtain payment of consumer debt through legal proceedings is a lawyer who regularly 'attempts to collect' those consumer debts," which falls within the FDCPA's definition of a debt collector. <u>Id.</u>

In determining whether a law firm is a debt collector, the Fifth Circuit "consider[s] a variety of factors," including:

> the number of lawsuits filed and collection letters mailed, the percentage of time debt collection activities consume, the share of total lawsuits filed that were dedicated to debt collection, the number of creditor clients and the length of the firm's relationship with them, the frequency and nature of the non-collection work in which the firm engages, and the number of firm attorneys and other employees dedicated to debt collection activities.

<u>Reyes v. Steeg Law, L.L.C.</u>, 760 F. App'x 285, 287 (5th Cir. 2019) (per curiam).

Under the TDCPA, the term "debt collector" is defined as "a person who directly or indirectly engages in debt collection and includes a person who sells or offers to sell forms represented to be a collection system, device, or scheme intended to be used to collect consumer debts." Tex. Fin. Code § 392.001(6). In Texas, a "third-party debt collector" is "a debt collector, as defined by 15 U.S.C. § 1692a(6), but does not include an attorney collecting debt as an attorney on

5

behalf of and in the name of a client unless the attorney has non-attorney employees who: (A) are regularly engaged to solicit debts for collection; or (B) regularly make contact with debtors for the purpose of collection or adjustment of debts." Tex. Fin. Code § 392.001(7).

Here, AOJ contends Plaintiff's claims against it should be dismissed because she has not plausibly alleged AOJ is a "debt collector" under the FDCPA. (Dkt. #17 at 2.) Specifically, AOJ claims Plaintiff does not allege that AOJ sent her written collection correspondence, contacted her by phone, or otherwise acted in a manner that could constitute debt collection. (Id.)

Plaintiff makes the following allegations: (1) the law firm of Abbott Osborn Jacobs PLC represented Citizens; (2) AOJ has a "focus on providing quality debt collection services"; (3) AOJ is a "debt collection law firm practicing in multiple states"; (4) in 2023 and 2024, AOJ filed hundreds of lawsuits in Texas to collect money; (5) many of AOJ's lawsuits are against consumers; (6) many of AOJ's lawsuits are an effort to collect consumer debts; and (7) AOJ is a debt collector under the FDCPA. (Dkt. # 11 at 2.) Plaintiff makes these allegations by pointing to language contained in AOJ's own website. (Id. at n.1.) However, the Court agrees that Plaintiff does not allege any facts that AOJ ever made a demand for payment or acted beyond the scope of their legal representation of Citizens in any way in her specific circumstance. See Wyles v. Cenlar FSB, No. 7-15-CV-

155-DAE, 2016 WL 1600245, at *4 (W.D. Tex. Apr. 20, 2016); see also McBryde v. Freedom Mortgage, No. A-22-CV-01038-RP, 2023 WL 2959869, at *8 (W.D. Tex. Apr. 14, 2023), R. & R. adopted, No. 1:22-CV-1038-RP, 2023 WL 3313110 (W.D. Tex. May 8, 2023) (finding plaintiffs failed to plead or identify any act by defendant outside the law firm's capacity as counsel in a foreclosure action against plaintiffs).

Accordingly, the Court concludes Plaintiff has not sufficiently alleged enough non-conclusory facts to demonstrate AOJ is a debt collector so as to overcome AOJ's attorney immunity. However, plaintiffs should generally be given at least one chance to amend the complaint under Rule 15(a) before dismissal with prejudice, "unless it is clear that the defects are incurable[.]" Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002). Therefore, the Court will allow Plaintiff an opportunity to amend to address any deficiencies identified.

## CONCLUSION

For the reasons stated above, the Court **GRANTS WITH LEAVE TO AMEND** Defendant's Motion to Dismiss. (Dkt. #13.) Plaintiff may amend her complaint **no later than May 20, 2025** to address the deficiencies in his pleadings as discussed in this Order. Failure to do so will result in the Court's dismissal of these claims without prejudice.

**IT IS SO ORDERED**

**DATED:** Austin, Texas, April 23, 2025.

_____
David Alan Ezra
Senior United States District Judge