IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| AUDREY ALTSTATT § | |
| *Plaintiff* § | CASE NUMBER: 1:24-CV-000512-DAE |
| § | |
| vs. § | |
| § | |
| ABBOTT OSBORN JACOBS PLC § | |
| & § | **DEMAND FOR JURY TRIAL** |
| CITIZENS BANK, N.A. § | |
| *Defendants.* § | |

## SECOND AMENDED COMPLAINT

1. Plaintiff Audrey Altstatt sues for claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Texas Debt Collection Act ("TDCA"), Texas Finance Code Chapter 392, to obtain actual damages, statutory damages, injunctive relief, costs and a reasonable attorney's fee for the Defendants' violations of the FDCPA and the TDCA.

## JURISDICTION AND VENUE

2. The federal claims asserted arise under 15 U.S.C. § 1692. The jurisdiction of the Court is founded on 28 U.S.C. § 1331 (federal question). This Court has supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367.

3. Venue is proper in the United States District Court for the Western District of Texas, Austin Division, because the acts and transactions occurred in this district and the Defendants transacted business there.

## THE PARTIES

4. Plaintiff Audrey Altstatt (**"Altstatt"**) lives in Travis County, Texas.

5. Defendant Abbott Osborn Jacobs PLC ("**AOJ**") is a business.

6. Defendant Citizens Bank, N.A. ("**Citizens**") is a business.

## FACTUAL ALLEGATIONS

7. In 2007, Altstatt signed a contract with Charter One Bank, N.A., to borrow money for education.

8. The loan went into default.

9. On January 12, 2024, Citizens sued Altstatt to recover money allegedly owed by Altstatt related to her loan from Charter One Bank, N.A. ("the State Court Suit").

10. The law firm of Abbott Osborn Jacobs PLC represented Citizens in the State Court Suit

11. At all relevant times, AOJ was acting as Citizens' agent.

12. AOJ researched, drafted, and filed Citizens' State Court Suit.

13. AOJ caused Citizens' State Court Suit to be served upon Alstatt.

14. AOJ has a "focus on providing quality debt collection services."[1]

15. AOJ is a "debt collection law firm practicing in multiple states[.]"[2]

16. AOJ has a $10,000 bond numbered TX5929925 filed with the Texas Secretary of State.

---

[1] https://www.midwestlawgroup.com/about.asp
[2] *Id.*

17. Only third-party debt collectors and credit bureaus, as defined by the TDCA, are required to have such a bond filed with the Texas Secretary of State.

18. AOJ is not a credit bureau.

19. All third-party debt collectors under the TDCA are debt collectors as defined by § 1692a(6) of the FDCPA.

20. From 2022 to the date of filing, AOJ filed numerous debt collection lawsuits in Texas state courts for others.

21. AOJ filed lawsuits in Texas for others by transmitting data through the internet.

22. On information and belief, AOJ uses the mails to communicate with debtors on behalf of its clients.

23. AOJ filed debt collection lawsuits for others in justice courts, county courts, and district courts in Texas.

24. AOJ filed at least 330 debt collection lawsuits for others in Texas county and district courts in 2022.

25. The following is a nonexclusive list of creditors AOJ filed debt collection lawsuits for in 2022: Axiom Acquisition Ventures, LLC, Bankers Health Care Group, LLC, Easy Cash ASAP, Farm Bureau Bank, Fifth Third Bank, First Investors Servicing Corporation, Safe Haven Security, Inc., Student Loan Solutions LLC, Sunnova Energy Corporation, SunStreet Energy Group, LLC, TD Bank, NA, and UMB Bank.

26. AOJ filed at least 390 debt collection lawsuits for others in Texas county and district courts in 2023.

27. AOJ filed at least 40 debt collection lawsuits for others in Tarrant County, Texas justice courts in 2023.

28. AOJ filed at least 20 debt collection lawsuits for others in Travis County, Texas justice courts in 2023.

29. AOJ filed at least 17 debt collection lawsuits for others in Collins County, Texas justice courts in 2023.

30. The following is a nonexclusive list of creditors AOJ filed debt collection lawsuits for in 2023: Accesslex Institute, BAA, Inc., Bankers Health Care Group, LLC, Barns Across America, Inc., Corning Credit Union, Easy Cash ASAP, Farm Bureau Bank, Fifth Third Bank, NA, First Investors Servicing Corporation, Mercedez-Benz Financial Services USA LLC, Midland Credit Management, Inc., PMB Rentals, LLC, Rock Creek Capital, LLC, Student Loan Solutions LLC, SunStreet Energy Group, LLC, TD Bank, NA, Troy Capital, LLC, and Walnut Hill Rentals, LLC.

31. AOJ filed at least 320 debt collection lawsuits for others in Texas county and district courts in 2024.

32. AOJ filed at least 190 debt collection lawsuits for others in Tarrant County, Texas justice courts in 2024.

33. AOJ filed at least 50 debt collection lawsuits for others in Travis County, Texas justice courts in 2024.

34. AOJ filed at least 50 debt collection lawsuits for others in Collins County, Texas justice courts in 2024.

35. AOJ filed at least 40 debt collection lawsuits for others in Denton County, Texas justice courts in 2024.

36. AOJ filed at least 35 debt collection lawsuits for others in Williamson County, Texas justice courts in 2024.

37. AOJ filed at least 10 debt collection lawsuits for others in Hays County, Texas justice courts in 2024.

38. AOJ filed at least nine debt collection lawsuits for others in Bastrop County, Texas justice courts in 2024.

39. The following is a nonexclusive list of creditors AOJ filed debt collection lawsuits for in 2024: Accesslex Institute, Allstar Shed Rentals, LLC, Axiom Acquisition Ventures, LLC, Bankers Healthcare Group, LLC, Barns Across America, Inc., Citizens Bank, NA, Credit Corp Solutions, Inc., Easy Cash ASAP, Fifth Third Bank, NA, Higher Education Servicing Corporation, Mercedez-Benz Financial Services USA LLC, PMB Rentals, LLC, Rentabarn, LLC, Southwood Financial LLC, Student Loan Solution, LLC, TD Bank, NA, and Troy Capital, LLC.

40. AOJ has filed at least 410 debt collection lawsuits for others in Texas county and district courts so far in 2025.

41. AOJ has filed at least 200 debt collection lawsuits for others in Tarrant County, Texas justice courts so far in 2025.

42. AOJ filed at least 110 debt collection lawsuits for others in Travis County, Texas justice courts so far in 2025.

43. AOJ has filed at least 90 debt collection lawsuits for others in Collins County, Texas justice courts so far in 2025.

44. AOJ filed at least 45 debt collection lawsuits for others in Williamson County, Texas justice courts so far in 2025

45. AOJ has filed at least 15 debt collection lawsuits for others in Hays County, Texas justice courts so far in 2025.

46. AOJ has filed at least 10 debt collection lawsuits for others in Bastrop County, Texas justice courts in 2025.

47. The following is a nonexclusive list of creditors AOJ filed debt collection lawsuits for in 2025: Bankers Healthcare Group, LLC, Barns Across America, Inc., BMW Financial Services NA, LLC, Credit Corp Solutions, Inc., Fifth Third Bank, NA, Fundbox, Inc., HS Financial Group, LLC, Mercedez-Benz Financial Services USA, LLC, PMB Rentals, LLC, Rentabarn, LLC, Southwood Financial LLC, Student Loan Solutions, LLC, Sunnova Energy Corporation, Troy Capital, LLC, and Walnut Hill Rentals, LLC.

48. AOJ collects debts from student loans, consumer credit cards, personal lines of credit, personal loans, loans to purchase or lease automobiles for personal use, and the installation of solar power systems on homes.

49. More than three-quarters of AOJ's lawsuits filed in Texas for others are filed against individuals. This paragraph is specifically identified under FRCP 11(b)(3) as likely having evidentiary support after a reasonable opportunity for discovery.

50. More than three-quarters of AOJ's lawsuits filed in Texas for others are to collect consumer debts. This paragraph is specifically identified under FRCP 11(b)(3) as likely having evidentiary support after a reasonable opportunity for discovery.

51. AOJ files debt collection lawsuits for others in Kansas, Missouri, Nebraska, and Minnesota. This paragraph is specifically identified under FRCP 11(b)(3) as likely having evidentiary support after a reasonable opportunity for discovery.

52. AOJ regularly collects debts for others.

53. The majority of AOJ's time is spent on debt collection for others. This paragraph is specifically identified under FRCP 11(b)(3) as likely having evidentiary support after a reasonable opportunity for discovery.

54. At the time of filing, AOJ's website lists seven attorneys at the firm.

55. All attorneys at AOJ spend the majority of their time collecting debts for others. This paragraph is specifically identified under FRCP 11(b)(3) as likely having evidentiary support after a reasonable opportunity for discovery.

56. At least one partner at AOJ is a member of the National Creditors Bar Association.[3]

57. AOJ as a law firm is a member of the National Creditors Bar Association.[4]

58. More than 70% of all the suits filed by AOJ in all courts were debt collection suits for others. This paragraph is specifically identified under FRCP 11(b)(3) as likely having evidentiary support after a reasonable opportunity for discovery.

59. The FDCPA "applies to attorneys who 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation." *Heintz v. Jenkins,* 512 U.S. 291, 299 (1995).

60. AOJ is a debt collector under the FDCPA.

61. The State Court Suit, drafted by AOJ, alleged Citizens was "the owner and beneficiary of all claims related to the account opened by [Altstatt]."

62. The State Court Suit sought to collect $30,083.65 in principal, $402.05 pre-petition interest, post-judgment interest, and court costs.

63. Documents attached to the State Court Suit as exhibits indicate that the last loan payment was made on March 1, 2018.

64. The Loan Request / Credit Agreement attached to the State Court Suit states it will not be governed by Article 3 of the Uniform Commercial Code.

---

[3] https://www.midwestlawgroup.com/staff/kabbott.asp
[4] https://www.creditorsbar.org/law-firm-directory/abbott-osborn-jacobs-plc

65. Texas has adopted Article 3 of the Uniform Commercial Code as Chapter 3 of the Business and Commerce Code.

66. Citizens sent Altstatt a letter dated June 15, 2018, indicating the debt had been accelerated.

67. Citizens and AOJ sued Altstatt more than four years after the debt was accelerated.

68. When Citizens and AOJ sued Altstatt, the debt they sued to collect was not judicially enforceable.

69. Citizens and AOJ knew or should have known they were suing Altstatt on a time-barred debt.

70. Altstatt hired a lawyer to defend her from Citizens' and AOJ's suit on a time-barred debt.

71. Altstatt was forced to spend $2,000 to hire an attorney to defend her from the State Court Action.

72. Through counsel, Altstatt filed an Answer to Citizens' and AOJ's State Court Suit asserting the defense of statute of limitations on January 29, 2024.

73. On March 5, 2024, Altstatt's counsel provided AOJ with letters Citizens had sent Altstatt in 2018 showing the debt had been accelerated.

74. The latest potential date for when the debt would be past the statute of limitations was June 16, 2022, due to the acceleration of the debt by Citizens.

75. On March 5, 2024, Alstatt, through counsel, requested Citizens and AOJ dismiss their lawsuit.

76. On March 14, 2024, AOJ, on behalf of Citizens, responded that the debt was subject to a six-year statute of limitations because it was a negotiable instrument under Article 3 of the Uniform Commercial Code.

77. Counsel for Alstatt replied the same day, pointing out language in the contract stating it would not be governed by Article 3 of the UCC.

78. Counsel for Alstatt followed up on March 19, 2024, but received no reply.

79. Counsel for Alstatt served requests for production, requests for admission and requests for production on Citizens, through AOJ, on March 21, 2024.

80. The focus of Alstatt's March 21, 2024, discovery was on her statute of limitations defense.

81. Responses to Alstatt's March 21, 2024, discovery were due about April 20, 2024.

82. Counsel for Alstatt followed up on March 29, 2024, in an attempt to resolve the case as quickly as possible to minimize the ongoing harm AOJ and Citizens' State Court Suit was causing Alstatt.

83. On April 19, 2024, Citizens and AOJ dismissed their suit against Altstatt without prejudice.

84. Citizens' and AOJ's time-barred suit caused Altstatt stress, worry, and fear.

85. Citizens' and AOJ's time-barred suit caused Alstatt to feel intense anxiety and guilt.

86. As a result of Citizens' and AOJ's time-barred suit, Alstatt had chest pains, depression, and insomnia.

87. Alstatt was negatively affected at her job by Citizens' and AOJ's time barred suit.

88. Citizens' and AOJ's dismissal without prejudice leaves Altstatt afraid that they may sue her or her co-signer again.

## VIOLATIONS OF THE FDCPA

89. Plaintiff re-alleges the above paragraphs as if set forth in this count.

90. AOJ falsely represented the legal status of a debt in violation of 15 U.S.C. § 1692e(2)(A) by representing that the debt it sued Altstatt to recover was judicially enforceable.

91. AOJ used an unfair or unconscionable means to attempt to collect a debt in violation of 15 U.S.C. § 1692f by suing Alstatt to collect a debt that was not judicially enforceable.

92. AOJ used an unfair or unconscionable means to attempt to collect a debt in violation of 15 U.S.C. § 1692f(1) by the collection of any amount not authorized by law.

## VIOLATIONS OF THE TDCA

93. Plaintiff re-alleges the above paragraphs as if set forth in this count.

94. Citizens misrepresented the debt's status in a judicial proceeding in violation of § 392.304(8) of the TDCA filing suit on a time-barred debt.

## REQUEST FOR RELIEF

95. Plaintiff requests this Court award her:

   a. Actual damages;

   b. Statutory damages;

   c. Injunctive relief prohibiting attempts to enforce the debt judicially;

   d. Costs; and

   e. A reasonable attorney's fee.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully Submitted,<br>
By: /s/ Tyler Hickle<br>
Plaintiff's Attorney

Tyler Hickle, SBN 24069916
Law Office of Tyler Hickle, PLLC
4005C Banister Lane, Ste. 120
Austin, TX 78704
Tel: (512) 289-3831 Fax: (512) 870-9505
tyler@hicklepllc.com

## CERTIFICATE OF SERVICE

I, Tyler Hickle, certify that a true and correct copy of the foregoing was served on Defendants via the electronic filing manager on May 20, 2025.